```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JAMES K. MAGEE, Jr.,                 :

                Plaintiff,           :   06 Civ. 0505 (SCR)

       -against-                     :   Memorandum Opinion
                                             & Order
MICHAEL J. ASTRUE,                   :
Commissioner of Social Security,
                                     :
                Defendant.¹
------------------------------------X
```
**JOHN F. KEENAN, United States District Judge:**

This is an action for review of the Commissioner's decision that plaintiff James K. Magee, Jr., is not entitled to disability insurance benefits. Currently pending are cross-motions for judgment on the pleadings. For the reasons below, the Commissioner's motion is granted, and plaintiff's motion is denied.

## Background

Magee suffers from knee problems and claims that he has been unable to work since October 9, 2001. At the time of the onset of his alleged disability, he was thirty-two years old, had a college degree, and was working as head custodian in the school district of Goshen, N.Y.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Astrue is substituted as defendant for his predecessor in office, Jo Anne B. Barnhart. This motion is before me with the consent of the Honorable Stephen Robinson, before whom the motion originally was filed. See Rule 13 of the Local Rules for the Division of Business among District Judges.

On February 19, 2003, Magee filed an application for disability insurance benefits under the Social Security Act (the "Act"). After his application was denied at the initial level of review, he requested a hearing before an administrative law judge ("ALJ"). The hearing was held on January 21, 2005. Plaintiff attended it represented by counsel. The evidence presented to the ALJ consisted of plaintiff's medical records, which included a functional assessment by a treating physician, and plaintiff's own testimony about his limitations.

On February 15, 2005, the ALJ denied Magee's claim after applying the five-step sequential analysis set forth in the Social Security Regulations (the "Regulations"). See 20 C.F.R. §§ 404.1520, 416.920; Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam). At the first step, the ALJ found that Magee had not engaged in "substantial gainful activity" during the alleged disability period. Although Magee briefly returned to his custodial job in December 2002 and again in January 2003, these attempts to resume his past work proved unsuccessful. At steps two and three, the ALJ found that Magee's knee impairment was severe but that it did not render him presumptively disabled because it was not one of

the impairments listed in the Regulations. See 20 C.F.R. pt. 404, subpt. P, app. 1.

At step four, the ALJ reviewed the record medical evidence and hearing testimony and made a determination of Magee's residual functional capacity. The ALJ concluded that, although Magee's knee impairment inhibited him from performing his past work as a custodian, he retained the ability to perform the full range of "sedentary work" as it is defined in the Regulations. See 20 C.F.R. § 404.1567(a). Specifically, the ALJ found that, in an eight-hour workday on a sustained basis, Magee had the capability to sit for a total of eight hours, to stand or walk for a total of four hours, and to lift up to twenty pounds. Finally, considering Magee's capacity for sedentary work together with his age, education, and work experience, the ALJ concluded that Magee was not disabled pursuant to the Medical Vocational Guidelines. See 20 C.F.R. pt. 404, subpt. P, app. 2, tbl. 1, Rs. 201.27-201.29.

On January 20, 2006, Magee brought this action for review of the ALJ's decision. Thereafter, the parties filed the instant cross-motions for judgment on the pleadings. The main issue is whether or not substantial evidence supports the ALJ's determination that plaintiff was capable of sedentary work during the alleged disability

period, from October 9, 2001, until the date of the hearing. Plaintiff also disputes the adequacy of his hearing on the ground that there was no medical advisor or vocational expert present.

In connection with the motions, each side has submitted evidence post-dating the administrative hearing. For his part, Magee has submitted a medical record indicating that he underwent a third arthroscopic surgery of his right knee on or about July 21, 2005, about five months after the ALJ's decision.

The Commissioner has submitted a press release announcing the September 2006 publication of a political-suspense novel written by Magee, entitled <u>To Serve & Protect</u>. The press release suggests that plaintiff has recovered quite well from his alleged disability. It reports that that he received a master's degree in 2005, but opted to postpone pursuing a Ph.D. so that he could work on his next novel. It further discloses that the author "enjoys weight lifting, swimming, tennis, [and] traveling," in addition to being a "sports car enthusiast" and an "avid and published photographer." Although interesting, and perhaps even telling, the press release need not factor into the Court's analysis.

As discussed below, the Court finds that substantial evidence in the record supports the ALJ's determination that plaintiff was capable of sedentary work, and that plaintiff received an adequate hearing.

## Discussion

### I. Applicable Legal Standards and Scope of Review

Under the Social Security Act, "disability" means an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "The impairment must be of 'such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.'" Shaw v. Chater, 221 F.3d 126, 131-32 (2d Cir. 2000) (quoting 42 U.S.C. § 423(d)(2)(A)). The five-step sequential analysis described above governs whether an individual is disabled or not. See 20 C.F.R. §§ 404.1520, 416.920; Schweiker, 675 F.2d at 467.

A claimant is entitled to a "full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the Act." Echevarria v. Sec'y of

Health & Human Servs., 685 F.2d 751, 755 (2d Cir. 1982). In evaluating a claim, the Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . educational background, age, and work experience." Dumas v. Schweiker, 712 F.2d 1545, 1550 (2d Cir. 1983).

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or the decision is based on legal error." Shaw, 221 F.3d at 131 (quoting 42 U.S.C. § 405(g)). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004) (internal quotation marks omitted). In conducting this review, a court "considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).

II.  Analysis

*A. The Evidentiary Support for the ALJ's Decision*

Substantial evidence supports the ALJ's determination that, despite his knee impairment, Magee retained the capacity to perform "sedentary work" during the alleged period of disability.  Under the Regulations,

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).  Except for Magee's own testimony, all of the evidence in the record supports the finding that he can perform these tasks on a full-time basis.

Magee had his first right knee surgery on September 10, 2001, the day after his alleged onset of disability.  He recovered well with physical therapy and returned to his job as a custodian by December.  However, he reinjured his right knee when he slipped on ice in January 2002, leading to another surgery in September 2002.

After the second right knee surgery, the medical evidence shows that Magee's knee condition improved and

-7-

that he received treatment only on an infrequent basis. In November 2002, he complained to Dr. Riley J. Williams, his treating physician since 1999, that his "knee is a little sore." (Transcript of Administrative Record ("Tr.") 256.) In December 2002, Dr. William J. Kilgus examined Magee in connection with an application for worker's compensation and found that he has only a "moderate, partial causally related disability." (Tr. 123.) He was discharged from physical therapy in January 2003 and instructed to use a gym and follow a home exercise program. He returned to work and was transferred to a smaller, less-busy school, but lost his job a few weeks later because he was unable to perform his custodial duties.

Dr. Williams filled out a disability determination questionnaire following an examination conducted in March 2003. He opined that, in an eight-hour work day, Magee could occasionally carry up to twenty-five pounds, could stand or walk for up to six hours, and had no limitations with sitting, pushing, or pulling. This supports the conclusion that that Magee was capable not only of sedentary work, as the ALJ found, but also of "light work," which demands a higher level of physical exertion. See 20 C.F.R. § 404.1567(b). Another functional assessment conducted by a state agency reviewer in April

2003 concluded that Magee could lift or carry up to ten pounds, could stand or walk for up to two hours, and had no limitations with sitting. This assessment also supports the ALJ's conclusion that Magee was capable of performing sedentary work.

In the eighteen months following his physical therapy, between January 2003 and June 2004, Magee sought knee treatment on only one occasion. This was an October 2003 visit to Dr. Williams during which Magee complained of pain in his left knee after hitting it on a door.[2] He was diagnosed with a bruise and tightness, prescribed with home exercise, and instructed to follow up in three to four months.

Nearly eight months later, on June 8, 2004, Magee saw Dr. Williams again and complained of right knee pain. Dr. Williams's examination revealed a palpable scar that needed to be excised because Magee had not responded to conservative management. In July 2004, Dr. Howard Blank examined plaintiff and reported that he had "mild pain on flexion of wrists and the right knee." (Tr. 272.) He

---

[2] Magee had undergone surgery to his left knee in November 1996 and again in March 2000. At his administrative hearing, he told the ALJ that his left knee problem had substantially resolved but that the knee becomes fatigued from overuse when it must compensate for the right one.

prescribed the medication Celebrex, which alleviated the pain. In September 2004, Dr. John S. Juliano noted that plaintiff's condition had improved since the September 2002 surgery, that he was not using a knee brace, and that symptoms of pain were "noted with weight bearing activities, stairs, walking, [and] prolonged standing." (Tr. 263-64.) Dr. Juliano seconded Dr. Williams's recommendation that plaintiff undergo another surgery to remove the scar tissue. Plaintiff apparently had that surgery in July 2005.

There is no medical evidence that Magee's pain in any way limited his capacity for sitting or occasional standing. Moreover, "disability requires more than mere inability to work without pain. To be disabling, pain must be so severe . . . as to preclude any substantial gainful employment." Schweiker, 712 F.2d at 1552. Magee's medical records do not indicate pain so severe as to prevent him from performing the full range of sedentary work.

The only evidence of disability was Magee's testimony. He testified he did not believe he could work a desk job, and would not try one even on a part-time basis, because his knee problems require him to spend a "good deal" of the day lying down, and force him to take frequent breaks from sitting in order to stretch, ice, or elevate

his knee. (Tr. 283-84, 295-97) While a claimant's testimony about limitations caused by pain, unsupported by objective medical evidence, may ground a finding of disability in appropriate cases, see Echevarria, 685 F.2d at 755, the ALJ is "entitled to rely on the medical record and his evaluation of claimant's credibility in determining whether claimant suffers from disabling pain." Schweiker, 712 F.2d at 1553. Here, the ALJ found Magee's complaints to be exaggerated in view of his testimony that, since the fall of 2003, he drove one hour each way to Pace University, sat through classes over two hours in duration (with standing breaks), and regularly completed homework assignments. The ALJ also found Magee's motivation to work possibly diminished by the fact that all of his financial needs were met by his mother, with whom he lives. The ALJ permissibly concluded that Magee's "subjective complaints are not fully corroborated by the objective medical evidence, are in many ways inconsistent with the record and should not be given substantial weight." (Tr. 16.)

*B. The Adequacy of the Administrative Hearing*

Plaintiff's only complaint about the adequacy of his hearing is the fact that the ALJ did not consult a medical advisor or an occupational expert. A medical advisor would not have been helpful because all of the

medical records and opinions uniformly support the finding that plaintiff's impairment did not limit his ability to perform sedentary work. Furthermore, the ALJ properly looked to the Medical Vocational Guidelines to conclude that employment was available for someone of plaintiff's physical capacity, age, education, and work history. The guidelines are dispositive, and a vocational expert unnecessary, unless the claimant asserts a limitation that is unaccounted for by the guidelines—such as a mental disability or problems with fine motor skills. See Rosa v. Callahan, 168 F.3d 72, 78 (2d Cir. 1999). No such limitation is alleged here.

### Conclusion

In sum, because the ALJ conducted an adequate hearing and reached a decision supported by substantial evidence, defendant's motion for judgment on the pleadings is GRANTED, and plaintiff's cross-motion is DENIED. This case is closed.

SO ORDERED.

Dated:   New York, New York
         February 25, 2009

*John F. Keenan*
JOHN F. KEENAN
United States District Judge